## WEILLER & ELLIS *vs.* JOHNSTON.

Where defendant in *fi. fa.* executed a mortgage on three billiard tables to secure a *bona fide* indebtedness to claimant, and prior to the rendition of the judgment in favor of the plaintiff, surrendered the property in satisfaction of the debt, the title passed, though the pos-

session of the property never changed, and though there was no written conveyance until after the judgment.    The question of the good faith of the transaction was matter for the determination of the jury.

Claim.    Sales.    Before L. N. WHITTLE, Esq., Judge *pro hac vice.*    Bibb Superior Court.    April Term, 1880.

Reported in the decision.

BLOUNT & HARDEMAN ;  HILL & HARRIS, for plaintiffs in error.

A. PROUDFIT, by brief, for defendant.

HAWKINS, Justice.

The plaintiffs in error, on the twenty-sixth day of October, 1875, obtained a judgment against one Patterson, for the sum of two hundred and ninety dollars.    On the fifth day of June, 1876, the *fi. fa.* issued upon said judgment was levied upon three billiard tables, and other property in the possession of the defendant, Patterson.

Johnston interposed his claim thereto, and on the trial proved that prior to the date of said judgment, to-wit : in the year 1874, Patterson being indebted to him in the sum of twenty-five hundred dollars, executed and delivered to Johnston, as security for said debt, a mortgage upon the property.

Early in 1875, Patterson not being able to pay the debt, surrendered the property to Johnston in payment of the debt, and put the property in the possession of Johnston. The house in which the property was  belonged to Johnston, and he rented it and the property to Patterson, for fifty dollars per month; at the time he turned the property over to Johnston, he was Johnston's tenant.    The property was not *removed,* but remained as before, in the house, and was rented with the house to Patterson ; all this is in parol, and occured before the judgment of the plain-

tiffs. After the date of the judgment a deed was made to the property in accordance with the parol agreement.

The mortgage was also before the court, and the plaintiffs showed that the property was not worth more than eight hundred dollars. Upon this state of facts the presiding *pro hac vice* judge found the property not subject.

The errors complained of are, that the court rendered the judgment contrary to evidence and without evidence, and that the parol sale, without a change of the possession, did not free the property from the lien of the judgment; that the retention of possession by Patterson was not sufficiently explained. There was no change of the status of the property in fact, but in law Patterson surrendered all dominion, and Johnston assumed ownership over the property.

Our law does not require absolute delivery to perfect a sale, but a constructive delivery will suffice. The intention of the parties may dispense with delivery according to such intention, or the character of the property and the uses to which it may be applied, as, for instance, in the sale of a stock of goods, the delivery of the key to the house, or three billiard tables situated in a saloon where such property is used, would answer in the place of an actual manual removal thereof.

If the surrender of the property to Johnston in payment of the mortgage was in good faith, and the intention of the parties was that it was to stand in lieu of actual delivery, then the requirements of the law were fulfilled as to delivery, and though in parol, would pass the title free from the lien of a judgment subsequently obtained. The execution of the parol agreement after the judgment, by making a written conveyance of the property, would not affect the legal status of the property arising from the sale before the judgment, though all evidence of the same rested in parol. These circumstances sufficiently explained the possession of Patterson at the date of the levy.

The court, acting as judge and jury, has found there

was no fraud, and adopted the theory of Johnston as tes-
tified to by him.    We see no error in refusing the new
trial.

Judgment affirmed.